IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| **Frank Latimer, Jr.** | ) | |
| | ) | **CIVIL ACTION FILE** |
| Plaintiff, | ) | **NO.** |
| | ) | |
| v. | ) | |
| | ) | |
| **Horizon Christian Academy, Inc.** | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Frank Latimer, Jr., Plaintiff in the above-styled action, and hereby submits this Complaint against Horizon Christian Academy (hereinafter "HCA" or Defendant).

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1331 (federal question) based on Plaintiff asserting a cause of action against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Plaintiff is seeking declaratory relief, damages, attorneys' fees and expenses of litigation to redress the deprivation of his rights by Defendant because of its discriminatory treatment of him.

1

2.

Declaratory relief is sought pursuant to 28 U.S.C. § 2201.

3.

Defendant has maintained office space and conducted business within the area encompassed by the Gainesville Division of the Northern District of Georgia, as defined under 28 U.S.C. § 1391(c), for all times relevant to the instant lawsuit, and the unlawful employment practices complained of by Plaintiff are alleged to have been committed in the State of Georgia. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. 2000e-5(f)(3).

## **PARTIES**

4.

Plaintiff is a citizen of the United States who, at all times relevant to this Complaint, has resided in the State of Georgia.

5.

Plaintiff was an "employee" of Defendant within the meaning 29 U.S.C. § 2000e (f) at all times relevant to this Complaint.

6.

Plaintiff, who is male, falls within Title VII's protections from discrimination based on his gender.

7.

Defendant HCA is a Georgia corporation that may be served by any method permitted by the Federal Rules of Civil Procedure, including personal service on an officer of the company, located at 120 Sawnee Drive, Cumming, GA 30040, and service upon an agent appointed by the company to receive service of process.

8.

HCA is registered with the Georgia Secretary of State's office and may be served through its registered agent, Gary Bennett, 120 Sawnee Drive, Cumming, GA 30040.

9.

HCA has continuously employed more than 15 persons and meets the definition of "employer" within the meaning of Title VII.

## ADMINISTRATIVE PROCEDURE

10.

On or about July 18, 2018, Plaintiff filed a timely Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission alleging gender discrimination. Such Charge of Discrimination was filed within 180 days of the occurrence of the last act on which this Complaint is based. A copy of the Charge is attached hereto as Exhibit A.

11.

On or about August 15, 2018, the U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue, which the Plaintiff received on or about August 18, 2018. *See* Exhibit A. This action has been brought within the time period allowed by law.

## **CLAIM FOR DECLARATORY RELIEF**

12.

This is a proceeding for a declaratory judgment as to the Plaintiff's rights due to Defendant maintaining a policy or practice of:

A. Discriminating against Plaintiff because of his gender with respect to compensation, terms, conditions, and privileges of employment.

B. Limiting, segregating, and classifying Plaintiff in ways that deprived him of employment opportunities and otherwise adversely affect his status as an employee because of his gender.

## **STATEMENT OF FACTS**

13.

Mr. Latimer was employed by Defendant HCA from August 6, 2011, until May 26, 2018.

14.

Mr. Latimer's last position with Defendant was Facilities Director and teacher.

15.

On April 25, 2018, Mr. Latimer was directing traffic outside of HCA's building in Cumming, Georgia.

16.

While Mr. Latimer was directing traffic on April 25, 2018, a female student was walking the wrong way back to the school building.

17.

Mr. Latimer held out his arm to keep the female student from going the wrong way and the female student bumped into him.

18.

Mr. Latimer did not intend to touch the female student while he was directing traffic.

19.

Mr. Latimer did not violate any HCA rules when he accidentally came into contact with the female student while he was directing traffic.

5

20.

Mr. Latimer did not violate any terms of his employment contract with HCA when he accidentally came into contact with the female student while he was directing traffic.

21.

During his employment with HCA Mr. Latimer never attempted to have any private interactions with any students.

22.

During his employment with HCA Mr. Latimer never took any action toward a student or anyone else that was improper.

23.

The day after the student bumped into Mr. Latimer while he was directing traffic, HCA terminated Mr. Latimer's employment, claiming that he inappropriately touched the female student.

24.

HCA failed to conduct an appropriate investigation to verify that Mr. Latimer's contact with the female student was accidental.

## COUNT I
## TITLE VII - GENDER DISCRIMINATION

25.

Plaintiff re-alleges each and every allegation in paragraphs 1 through 24 as though set forth in full herein.

26.

HCA has not disciplined or terminated female employees who have had accidental physical contact with students.

27.

HCA has not disciplined or terminated female employees who have had intentional, non-harmful physical contact with students.

28.

HCA terminated Mr. Latimer for a student accidentally bumping into him.

29.

The effect of the policies and practices complained of herein has been to deprive the Plaintiff of equal employment opportunity and to deprive him of income in the form of wages, prospective retirement benefits, and other benefits of employment due him as an employee on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

30.

All of the acts of the Defendant complained of herein were intentional and were committed with reckless disregard of Plaintiff's federally protected rights.

31.

Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, customs, and the specific acts of discrimination as set forth herein.

## COUNT II
## BREACH OF CONTRACT

32.

Plaintiff re-alleges each and every allegation in paragraphs 1 through 31 as though set forth in full herein.

33.

Plaintiff entered into an "Administrator Contract" with Defendant on or about April 17, 2017. A copy of this contract is attached hereto as Exhibit C.

34.

The aforementioned Administrator Contract guaranteed Plaintiff employment from July 1, 2017 through June 30, 2018, as long as Plaintiff abided by the terms and conditions therein.

35.

Plaintiff did not engage in any conduct that was prohibited by the Administrator Contract with Defendant.

36.

Defendant terminated Plaintiff's employment prior to the expiration of the Administrator Contract.

37.

Defendant terminated Plaintiff's employment without having evidence of any type of conduct that would be considered as "cause" for termination, as required by the Administrator Contract.

38.

Defendant, therefore, breached its Administrator Contract with Plaintiff, resulting in Plaintiff suffering monetary damages.

**COUNT THREE**
**ATTORNEYS' FEES PURSUANT TO O.C.G.A. § 13-6-11**

39.

Plaintiff re-alleges each and every allegation in paragraphs 1 through 38 as though set forth in full herein.

40.

Defendant has acted in bad faith, have been stubbornly litigious, and has

caused Plaintiff unnecessary trouble and expense by knowingly and purposely breaching the terms of his Administrator Contract and denying him the compensation to which he is due.

41.

Plaintiff entitled to attorneys' fees and expenses of litigation for having to obtain legal representation and file the instant action to enforce his rights under the Administrator Contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for this Court to advance this case on the docket, to order a speedy hearing at the earliest practicable date, to cause this action to be in every way expedited, and upon such a hearing to:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured under Title VII;

2. Issue a judgment that Defendant breached the Administrator Contract;

3. Grant Plaintiff a judgment against the Defendant for back pay, front pay and other benefits and opportunities of employment of which he has been deprived for Defendant's violations of Title VII;

4. Grant Plaintiff compensatory and punitive damages for Defendant's

    violation of Title VII;

5. Grant Plaintiff attorneys' fees, costs, and disbursements;

6. Grant Plaintiff trial by jury; and

7. Grant such additional and further relief as the Court deems just and proper.

    Respectfully submitted this 12th day of November 2018.

                                            **s/Robert C. D. McDonald**
                                            Georgia Bar No. 489600
                                            Attorney for Plaintiff

The Law Offices of Robert C.D. McDonald, P.C.
6045 Atlantic Boulevard
Norcross, GA 30071
(770) 662-1550 - Telephone
(770) 662-1561 - Fax
rmcdonaldlaw@ceocenters.com